NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000106
07-MAY-2013
08:53 AM**

NO. CAAP-12-0000106

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DANIEL S. NAKANO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-11-02743)

ORDER DENYING MOTION FOR RECONSIDERATION
(By:  Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of Defendant-Appellant Daniel S. Nakano's timely April 27, 2013 motion for reconsideration of the April 26, 2013 summary disposition order of the court, it appears that Nakano argues, relying on State v. Grindles, 70 Haw. 528, 77 P.2d 1187 (1989), a due process violation in permitting the State to prosecute the Operating a Vehicle Under the Influence of an Intoxicant (OVUII) offense under HRS § 291E-61(a)(3) (breath/blood measurement), because the State agreed to his plea to OVUII under HRS § 291E-61(a)(1) (impairment) and thus chose not to proceed under (a)(3).

Grindles is inapposite, where it concerned violations of due process and the right against self-incrimination by the district court's requiring the defendant to testify (as to one method of DUI)[1] before conclusion of the State's evidence (on

---

[1]    Driving Under the Influence of an Intoxicant, the precedessor charge to OVUII.

another method of DUI) in a bifurcated trial. In the instant case, where no effective (a)(1) charge existed because of a lack of alleged *mens rea*, Nakano was not placed in jeopardy by that defective charge.[2] Additionally, the record does not reflect that the State or the district court understood that Nakano was pleading only to (a)(1), where no confirmation of such by the State occurred, and where the district court inquired if Nakano was pleading "as charged,"[3] to which Nakano's counsel answered in the affirmative, and then the district court proceeded to convict Nakano under (a)(3) in addition to (a)(1). Thus, the State's right to proceed to trial notwithstanding the plea does not prejudice Nakano's right to due process. Therefore,

IT IS HEREBY ORDERED that Defendant-Appellant's April 27, 2013 motion for reconsideration is denied.

DATED: Honolulu, Hawai'i, May 7, 2013.

On the motion:

Samuel P. King, Jr.,
for Defendant-Appellant.

Presiding Judge

Associate Judge

Associate Judge

---

[2]      The prevailing rule regarding invalid indictments enunciated by the United States Supreme Court is that such an indictment "is no bar to a prosecution upon a good one." *United States v. Oppenheimer*, 242 U.S. 85, 87, 37 S.Ct. 68, 69, 61 L.Ed. 161 (1916); *United States v. Kimbrew, supra* [380 F.2d 538 (6th Cir. 1967)]. "If . . . (the indictment) is not sufficient, then jeopardy does not attach upon the swearing of the jury. (Citations omitted)." *United States v. LeMay, supra*, [330 F.Supp. 628 (D. Mont. 1971)] at 630; The Queen v. Poor, 9 Haw. 295 (1893).

State v. Martin, 62 Haw. 364, 374, 616 P.2d 193, 199-200 (1980).

[3] Nakano was charged with OVUII under (a)(1) and (a)(3).

2